————o————

No. 4197.

(Court of Appeal, Parish of Orleans.)

JOSEPH M. OLIVER vs. DAVID C. HEDDEN.

1. In the absence of allegations of fraud and error, parol is inadmissible to show anything against or beyond what is mentioned in the written contract, or as to what may have been said before or at the time of making it, or since.

2. Where a written contract provides that the labor and material *together* are to amount to a specified sum and that the cost of materials is to be deducted therefrom, testimony as to the cost of such materials is admissible, but testimony

as to estimates alleged to have been made before the contract was reduced to writng is not admissible.

Appeal from Civil District Court, Division "D."

W. S. Hero, for Plaintiff and Appellee.

Hall & Monroe, for Defendant and Appellant.

DUFOUR, J.  Plaintiff sues for an alleged balance due him under the following contract:

New Orleans, La., February 10, 1906.

Mr. D. C. Hedden:

"I, J. M. Oliver, agree to lay the floors in Delta Warehouse Nos. 1 and 2, and furnish all the materials and labor, for the sum of one thousand and four 50/100 dollars ($1,004.50).  The materials to be 1/12 clear lumber pine, and 3/4 clear scantling lumber, nails, etc.

"I agree to begin work at once, and continue the work uninterruptedly until finished, and agree to complete the work on or before the 28th day of February, 1906, I agree to accept only 50 per cent, of amount of this contract as the work progresses, and will turn over the entire work to the satisfaction of the Delta Warehouse Company, Limited, and Mr. Hedden, owner before exacting payment in full.  The cost of all materials is to be deducted from my (this) contract for one thousand and four 50/100 dollars.  The scantling is to be placed two feet bewteen or apart.

(Signed)  "J. M. OLIVER.
"D. C. HEDDEN."

The answer admits the contract but "denies that the balance due by him under said contract is, as averred, $209.87, or that any sum is due, beyond possibly an insignificant and inconsiderable amount, if anything at all."  The plaintiff's testimony satisfactorily shows the cost of the materials and the restuling balance due him on the contract price.  The defendant offered no prcof as to such cost, but mercly tendered testimony to show the following:

"That the entire contract for this work amounted to the sum of $1004.50, covering the material and the labor; that

368

they had agreed among themselves and figured it out and had put the figures down in writing, that the entire cost of the material should amount to so much and that would leave for the labor so much out of the $1004.50/100 XX.

"This agreement was prior to the wriften contract."

Upon objection being made on the ground that the contract was the best evidence and that it contained no provision dividing the labor and the material, the Court ruled as follows:

"I think the contract sued upon in this case being in writng, and there being no reference to any division or distribution of the cost, no evidence is competent to show that there was any such division, prior to. reducing the contract to writing."

The ruling is correct; the contract is not ambiguous and testimony as to what took place between the parties at or previous to the time it was reduced to writing by the parties is not admissible.

Judgment affirmed.

May 20, 1907.

Rehearing refused June 28, 1907.

Writ denied by Supreme Court August 12, 1907.